# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| PATRICIA L. LUTZ,<br>Plaintiff, | Case No. 1:11-cv-350 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| MICHAEL J. COLUMBUS, M.D., *et al.*,<br>Defendants | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, proceeding pro se, brings this action under 28 U.S.C. § 1343 against Michael J. Columbus, M.D., and The Plastic Surgery Group Inc. (hereinafter "Defendants") alleging various claims in tort, including false imprisonment and bodily injury, resulting from surgery performed by defendants in September 2007. (Doc. 1). This matter is before the Court on defendants' motion to dismiss, for a restraining order, and to declare plaintiff a vexatious litigator (Doc. 6) and plaintiff's response in opposition.[1] (Doc. 8). Defendants move to dismiss under Rule 12(b)(6), Fed. R. Civ. P., on the ground that plaintiff's complaint fails to state a claim upon which relief can be granted.

## I. STANDARD OF LAW

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

---

[1] Although plaintiff's filing is titled "Motion to Proceed with Law Suit," the Court will construe it as a response in opposition to defendants' motion to dismiss.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Although plaintiff need not plead specific facts, her statement must give defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted). Plaintiff's factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Twombly,* 550 U.S. at 556. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the

pleader is entitled to relief.'" *Iqbal,* 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). With these principles in mind, the Court reviews plaintiff's complaint.

## II. ANALYSIS

Plaintiff's complaint is a 33-page compilation of various documents, including Ohio State Court filings, letters to various state officials and judges, and articles on mind-control brain implants. To the extent that the Court is able to decipher plaintiff's filings, she alleges that defendants, in collusion with various federal governmental agencies, have conspired against her and implanted an apparatus in her which has caused her significant physical and emotional harm. Defendants seek dismissal of plaintiff's complaint on the grounds that plaintiff has failed to set forth factual allegations which state a plausible claim for relief. Plaintiff's response in opposition includes further unintelligible claims against defendants and fails to address any of the issues raised by defendants. For the reasons stated below, the Court finds defendants' motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) to be well-taken and recommends that the motion be granted.

Plaintiff's complaint stems from her assertion that during an elective facial surgery defendants implanted an apparatus/microchip in her brain in order to track plaintiff, collect her brain-waves, and control her physical and psychological functioning. Plaintiff also alleges that the implant has caused her to wreck her car on several occasions, fail various college courses, and experience intense physical pain. (Doc. 1, p. 10, 23, 32). Although plaintiff identifies that she is bringing these claims as civil rights violations under 28 U.S.C. §1343,[2] Doc. 1, p. 33, the complaint does not identify what civil rights defendants violated or how the violations occurred.

---

[2] Section §1343 provides this Court jurisdiction "[t]o redress the deprivation, under color of State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3).

Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that defendants violated plaintiff's federal civil rights. Plaintiff's complaint does not contain sufficient factual matter, accepted as true, to state a claim for relief against these defendants that is plausible on its face. Rather, plaintiff's complaint contains factual allegations that are virtually incomprehensible and rise to the level of delusional. Thus, the complaint fails to state a claim for relief against defendants and should be dismissed under Fed. R. Civ. P. 12(b)(6).

Defendants also seek to have this Court designate plaintiff as a vexatious litigator and prohibit plaintiff from filing any further lawsuits against defendants.[3] In support of their request, defendants assert that plaintiff has previously filed three separate lawsuits against defendants in the Court of Common Pleas, Hamilton County, Ohio, all of which contained unintelligible allegations similar to the instant federal matter and all of which have been dismissed. In addition, in one such case, plaintiff was declared a vexatious litigator and prohibited from filing future claims against defendants. *See Lutz v. Columbus, et al.*, No. A1100575 (Hamilton County Court of Common Pleas May 27, 2011) (Metz, J.) (Doc. 6, Ex. 1).[4] Defendants' motion is well-taken.

The Sixth Circuit has held that the federal courts have the inherent authority to impose restrictions on harassing and vexatious litigators. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). While the Court may not absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the

---

[3] Defendants seek this relief under Ohio Revised Code § 2323.52. (Doc. 6, p. 2). However, this is "a procedural statute designed to protect the Ohio state courts [and] has no application to proceedings in federal court." *Johnson v. Univ. Housing*, No. 2:06cv628, 2007 WL 4303728, at *12 (S.D. Ohio Dec. 10, 2007).

[4] This Court "may take judicial notice of proceedings in other courts of record[.]" *See Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); *see also Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980).

Court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir. 1998); *Ortman v. Thomas*, 99 F.3d 810, 811 (6th Cir. 1996). *See also Amadasu v. Holloway Credit Solutions, LLC*, No. 1:08cv36, 2009 WL 948767, at *8 (S.D. Ohio April 3, 2009) (imposing pre-filing restrictions on pro se litigant). A district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing. *See Filipas*, 835 F.2d at 1146.

Such a restriction is warranted in this case. Plaintiff has previously filed four cases in the Ohio state court against the same defendants as in the instant federal case and which allege the same or similar claims arising from surgery performed by defendants. All four of plaintiff's state court cases have been dismissed as without merit.[5] Four days after plaintiff was declared a vexatious litigator in the state court, she filed the instant federal action raising similar claims against the same defendants. Given plaintiff's history of filing repetitive and frivolous litigation against defendants, the Order from Judge Metz declaring plaintiff a vexatious litigator, and the unintelligible and frivolous allegations in the instant complaint, the Court recommends that plaintiff be declared a vexations litigator and that pre-filing restrictions be imposed. *See Marbly v. Wheatley,* 87 F. App'x 535 (6th Cir. 2004) (mandating that *pro se* plaintiff first seek leave of court prior to filing a lawsuit). *See also Ha v. U.S. Atty. Gen.*, No. C 09-5281, 2010 WL 3001224 (N.D. Cal. July 29, 2010) (district court declared plaintiff a vexatious litigant and prohibited him from filing further lawsuits in federal court after taking judicial notice of plaintiff's history of frivolous state court filings). The "proper method for handling the

---

[5] *See* Doc. 6, Ex. 1, p. 6 ("Similar claims have been dismissed now three times in the Hamilton County Court of Common Pleas; first, in case number A1005958, dismissed without prejudice by Judge Robert Winkler on 7/29/10, then in A1009899, dismissed with prejudice by Judge Pat DeWine on 1/20/11, and pursuant to this decision, is now dismissed in the present case. . . . Furthermore, despite the pendency of this action, Plaintiff has filed a nearly identical complaint in the Hamilton County Court of Common Pleas on April 27, 2011, now pending before Judge Ethna Cooper in case number A1103347 alleging the same cause of action."). *See also Lutz v. Columbus*, No. A1103347 (Hamilton County Court of Common Pleas June 7, 2011) (Cooper, J.).

complaints of prolific litigators" is to require that they seek leave of court before filing further complaints. *Filipas*, 835 F.2d at 1146. Consequently, plaintiff should be required to obtain leave of court before filing further complaints against defendants Michael J. Columbus, M.D., and The Plastic Surgery Group Inc. which allege claims arising from the September 2007 surgery performed by defendants.

V. **CONCLUSION**

For these reasons, the Court hereby **RECOMMENDS** that:

(1) Defendants' motion to dismiss (Doc. 6) be **GRANTED**;

(2) Defendants' motion to have plaintiff declared a vexatious litigator be **GRANTED**;

(3) Plaintiff be prohibited from filing further lawsuits against defendants Michael J. Columbus, M.D., and The Plastic Surgery Group Inc. which allege claims arising from the September 2007 surgery performed by defendants without first seeking leave of Court; and

(4) this matter be **DISMISSED** on the docket of the Court.

Date: 11/23/11

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA L. LUTZ,
    Plaintiff,

vs.

MICHAEL J. COLUMBUS, M.D., *et al.*,
    Defendants

Case No. 1:11-cv-350

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).