UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA L. LUTZ,
    Plaintiff,

vs.

MICHAEL J. COLUMBUS, M.D., *et al.*,
    Defendants

Case No. 1:11-cv-350

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, brings this action against Michael J. Columbus, M.D., and The Plastic Surgery Group, Inc. alleging various claims in tort, including false imprisonment and bodily injury, resulting from surgery performed by defendants in September 2007. (Doc. 1). On December 16, 2011, the Court granted defendants' motions to dismiss and to have plaintiff declared a vexatious litigator. (Doc. 11). This matter is before the Court on plaintiff's motions to have this case reinstated on the docket of the Court. (Docs. 14, 16).

As best the Court can discern, plaintiff alleges that she was not notified of any Court decisions in this case until she came to the courthouse on January 5, 2012 and learned her case was dismissed. However, plaintiff also states that she did receive a certified letter from the U.S. District Court in November 2011, but did not open it "because [she] was under the reasoning that the Sixth District did not mail certified letters. . . ." (Doc. 16 at 1). Plaintiff also states she does not believe a judge or magistrate judge examined her lawsuit. Included with her motions are three letters to President Obama, email correspondence regarding "Pentagon Protection USA," a narrative alleging that defendants inserted a microchip/identification tag into her mouth for the purpose of controlling her body, and various other documents.

The Court construes plaintiff's motions for reinstatement as motions for relief from judgment under Fed. R. Civ. P. 60(b). Rule 60(b) provides, in relevant part, for relief from a judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir.1989). *See also Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990).

Plaintiff has not alleged any facts which suggest that relief from judgment is warranted in this case. Plaintiff essentially reiterates the allegations of her complaint -- allegations that are virtually incomprehensible, rise to the level of delusional, and which fail to state a plausible claim for relief. Accordingly, plaintiff's motions should be denied.

It is therefore **RECOMMENDED** that plaintiff's motions to have this case reinstated on the docket of the Court (Docs. 14, 16) be **DENIED**, and that plaintiff be advised that if she wishes to obtain review of the Court's decision, she must pursue an appeal to the United States Court of Appeals for the Sixth Circuit.

Date: 1/17/12

Karen L. Litkovitz
United States Magistrate Judge

-3-

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

PATRICIA L. LUTZ,
    Plaintiff,

vs.

MICHAEL J. COLUMBUS, M.D., *et al.*,
    Defendants

Case No. 1:11-cv-350

Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent
  ☐ Addressee

B. Received by ( Printed Name )

C. Date of Delivery

1. Article Addressed to:

Patricia L. Lutz
4410 Schulte Drive
Cinti, OH 45205

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7003 2260 0002 6723 4415

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540